

FILED

**NOT FOR PUBLICATION**

DEC 09 2013

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AQUIOR ALFONSO FIGUEROA, | No. 12-16819 |
| Petitioner - Appellant, | D.C. No. 4:11-cv-01072-PJH |
| v. | |
| TIM VIRGA, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Submitted December 5, 2013[**]
San Francisco, California

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Petitioner Aquior Figueroa appeals the district court's denial of his 28

U.S.C. § 2254 habeas corpus petition challenging his California convictions arising

out of a gang shooting in Oakland. Petitioner, who admitted that he drove gang

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

members to and from the shooting, claims that the trial court violated due process when it admitted an eyewitness identification of petitioner's friend, Hector Sanchez, as one of the shooters. We have jurisdiction pursuant to 28 U.S.C. § 2253 and affirm.

Contrary to petitioner's assertion, the state court properly applied clearly established Supreme Court authority, *Manson v. Brathwaite*, 432 U.S. 98 (1977), when it ruled in 2009. Even if an identification procedure is unnecessarily suggestive, an identification is excluded only if, under a totality of the circumstances, there was a "very substantial likelihood of irreparable misidentification." *Id.* at 116. As required by the Supreme Court, the state court addressed the suggestiveness of the photo line-up and the reliability of the identification. It then balanced under the totality of the circumstances the reliability of the identification against any corrupting effects, exactly as required by the Supreme Court. *Id.* at 114.

Nor did the state court unreasonably determine the facts it used to decide reliability of the photo identification. The state court's factual findings are supported by testimony in the record and presumed to be correct. Petitioner has not come forward with the clear and convincing evidence necessary to rebut the

presumption of correctness. *Sumner v. Mata*, 455 U.S. 591, 597 (1982); *Taylor v. Maddox*, 366 F.3d 992, 1000 (9th Cir. 2004).

Finally, the state court's decision was reasonable. Although the photo procedure was not ideal, it was not "suggestive and unnecessary," *Brathwaite*, 432 U.S. at 106, nor likely to produce an unreliable identification. Even though the photo show-up occurred months after the crime, the witness gave convincing testimony that she had a good opportunity to clearly view the shooter in broad daylight, paid close attention to his face because of the cold look in his eyes as he slowly moved forward while shooting the victim, accurately described the shooter and his clothing, and immediately expressed certainty about his identity after viewing other similar individuals in the photo line-up. The state court reasonably held that the totality of the circumstances did not create a "very substantial likelihood" that the witness misidentified Sanchez as the shooter.

**AFFIRMED.**